UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RENEE VITALE,

                Plaintiff,

     – against –

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-2339 (PKC)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Renee Vitale ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of her claim for Disability Insurance Benefits ("DIB"). The parties have cross-moved for judgment on the pleadings. (Dkts. 14, 16.) For the reasons set forth below, the Court grants Plaintiff's motion for judgment on the pleadings and denies Defendant's motion.

## BACKGROUND

      On March 17, 2014, Plaintiff filed an application for DIB, claiming that she had been disabled since December 11, 2010. (Tr. 81-83.)[1] The claim was initially denied on May 21, 2014. (Tr. 94.) After her claim was denied, Plaintiff requested a hearing on June 2, 2014 and appeared for a hearing before an administrative law judge ("ALJ") on July 2, 2015. (Tr. 102-03, 112.) By a decision dated September 21, 2015, ALJ Michael Friedman found that Plaintiff was not disabled within the meaning of the Social Security Act from December 11, 2010, her alleged onset date, through September 21, 2015, the date of the ALJ's decision. (Tr. 19-29.) On September 30, 2015, Plaintiff requested a review of the decision by ALJ Friedman. (Tr. 14.) On February 23, 2017, the Appeals Council denied the

---

[1] All references to "Tr." refer to the consecutively paginated Administrative Transcript.

request for review. (Tr. 1-4.) Based upon the denial, Plaintiff timely filed this action seeking reversal or remand of ALJ Friedman's September 21, 2015 decision.

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

Plaintiff's claimed disability relates to bilateral carpal tunnel syndrome, cervical and lumbar herniated discs, bilateral shoulder derangements, arthritis, and chondromalacia patella of the right knee. (Tr. 22.) Plaintiff argues that in denying her DIB application, the ALJ failed to develop the record and "ignored important evidence," and that the record did not support the ALJ's findings. (Dkt 14.) For the reasons stated below, the Court finds that the ALJ erred in determining Plaintiff's credibility and classifying Plaintiff's mental impairments. Therefore, the Commissioner's decision is remanded.

First, the ALJ improperly concluded that Plaintiff's condition was not limiting because, *inter alia*, "although the claimant reported taking multiple medications [for her various ailments], she told [her orthopedic surgeon, Dr. Howard Baum,] in February of 2014 that she does not take her medications that often." (Tr. 27.) However, it is unclear from the ALJ's decision, or Dr. Baum's records, if Plaintiff was referring to all of her medications, or only the medications

2

prescribed by Dr. Baum. (*Id.*) Between 2012 and 2014, Dr. Baum prescribed Plaintiff anti-inflammatories for injuries she received during a motor vehicle accident in February 2014 (Tr. 271, 283), but she was also prescribed a number of different pain and anxiety medications by her treating physician, Dr. Norman Sobol, an orthopedic surgeon, Dr. Steven Ravich, and an internist, Dr. Ben Sacolick (*see* Tr. 256-57, 450-81, 487, 490, 493-94, 507, 509), for her ongoing physical and psychological symptoms. In contrast to the ALJ's conclusion regarding Plaintiff's compliance with medication, Plaintiff in fact repeatedly requested *increased* dosages of her pain medications because they "ha[d] not worked for the pain." (Tr. 271, 327, 414, 507, 510.) By failing to clarify whether Plaintiff was non-compliant with *all* medication, or only the medication prescribed by Dr. Baum for a specific injury, the ALJ did not properly develop the record concerning Plaintiff's alleged non-compliance and, thus, her credibility about the ongoing nature of her physical and mental impairments. *Smith v. Astrue*, No. 09-CV-470 (TJM)(VEB), 2011 WL 6739509, at *6 (N.D.N.Y. Nov. 4, 2011) ("On remand, the ALJ should, as a threshold matter, clarify the contradiction . . . and reconsider Plaintiff's credibility . . . and Plaintiff should be afforded an opportunity to explain her [alleged] non-compliance with treatment."); *see also Hoyle ex rel. L.M. v. Comm'r of Soc. Sec.*, 16-CV-6395 (PKC), 2018 WL 566444, at *4 (E.D.N.Y. Jan. 26, 2018) (remanding where the ALJ failed to develop the record regarding Plaintiff's non-compliance with the prescribed medication regimen).

Second, the ALJ erred in finding that Plaintiff's mental impairments of anxiety and depression were non-severe because they did "not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." (Tr. 22.) At step two of the required five-step inquiry, an ALJ must examine the following four categories of functional areas when assessing the severity of a plaintiff's mental impairments: daily living; social functioning;

3

concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520(a)(4)(ii). If at least two categories have "marked"[2] limitations, then the mental impairment is considered "severe" and the claimant is entitled to disability benefits. *Id.* Here, the ALJ found that Plaintiff suffered mild limitations in each category and no episodes of decompensation, and that, therefore, her mental impairment was non-severe. (Tr. 22-23.) However, in determining Plaintiff's impairments in daily living, the ALJ erred because he exclusively relied upon consultative physiatrist Dr. Louis Tranese's statement that "the claimant is able to shower, dress and groom herself independently daily." (Tr. 22.) The ALJ failed to take into account that Dr. Tranese wrote in the same report that "claimant *depends* on her family for cooking, cleaning, laundry, and shopping chores." (Tr. 327 (emphasis added)); *see also* 20 C.F.R. § 404.1520(c)(2) ("[The SSA] will rate the degree of [a plaintiff's] functional limitation based on the extent [his or her] impairment(s) interfere[] with [his or her] ability to function independently, appropriately, effectively, and on a sustained basis."). Furthermore, when evaluating Plaintiff's functional capacity for concentration, persistence or pace, the ALJ referenced the April 2013 opinion of Plaintiff's treating physician, Dr. Sobol, that Plaintiff's "ability to concentrate [was] 'normal'" during her physical examination (Tr. 23), but disregarded the portion of that same evaluation in which he notes that Plaintiff reported "lots of memory loss, confusion, nervousness, depression, and insomnia" (Tr. 488; *see also* Tr. 59-60, 207, 213, 339). While Dr. Sobol's records are somewhat internally inconsistent with respect to his evaluation of Plaintiff's concentration, the ALJ improperly overlooked certain portions of these records, the proper evaluation of which could have altered the ALJ's evaluation of the severity of Plaintiff's mental impairments. This is

---

[2] "Where [the SSA] use[s] 'marked' as a standard for measuring the degree of limitation, it means more than moderate but less than extreme." 20 C.F.R. 404, Subpt. P, App. 1.

significant because a finding that Plaintiff has "marked"—rather than mild—limitations in daily living and concentration would result in Plaintiff qualifying for disability benefits. *Hoyle*, 2018 WL 566444, at *4 n.2 (holding that if "the ALJ credited [Plaintiff's] testimony . . . [Plaintiff would] certainly meet the 'marked' limitation standard . . . and would, therefore, qualify for disability benefits"); *see also Warren v. Astrue*, No. 09-CV-6217, 2010 WL 2998679, at *8 (W.D.N.Y. July 27, 2010) (holding that "where items of pertinent weight have been missed, [the ALJ's] decision should not be upheld" and should be remanded for further consideration).

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion for judgment on the pleadings and denies Defendant's cross-motion. Defendant's decision is remanded for further consideration consistent with this Order. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: June 28, 2018
Brooklyn, New York